**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| DANIEL RODRIGUEZ, | No. C 09-2939-SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 3] |
| GREYHOUND LINES, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*l [Docket No. 3]. For the following reasons, the Court DENIES Plaintiff's application and DISMISSES the Complaint

**LEGAL STANDARD**

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). Pursuant to 28 U.S.C. § 1915(a)(1), "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the statute also authorizes the district court to dismiss a claim filed *in forma pauperis* "at any time" if the Court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings must be liberally construed. *Balisteri v. Pacifica Police Depot*, 901 F.2d 696, 699 (9th Cir. 1988). However, when reviewing a complaint the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir. 2002) ("conclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim"); *Sprewell v. Golden State Warriors*, 266

F.3d 1187 (9th Cir. 2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988) ("conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim").  Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 659 (9th Cir. 1992).   But if a plaintiff's complaint is found to be deficient and an amendment could possibly cure the deficiency, the complaint must be dismissed with leave to amend.  *See Eldridge v. Block*, 832 F.2d 1132, 1135-37 (9th Cir. 1987).

## **ANALYSIS**

**A.     Plaintiff's IFP Application**

The benefit of proceeding IFP is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). To obtain this privilege, Rodriguez must demonstrate, to the Court's satisfaction, his inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient if it demonstrates that the applicant cannot pay court costs and still be able to provide himself with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The facts concerning the applicant's poverty must be stated with some "particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).  The Court has discretion to make a factual inquiry into Plaintiff's financial status and to deny his request to proceed IFP where he is unable or unwilling to verify his poverty. *Id*. If the Court determines that Plaintiff's allegation of poverty is untrue, it shall dismiss the case. 28 U.S.C. § 1915(e)(2).

Here, Rodriguez' IFP Application demonstrates that he is unable to pay the requisite fees and costs.  Rodriguez alleges that he is not employed, receives $422.00 in welfare payments, and has monthly expenses of $371.00.  Based on the foregoing, the Court concludes that Rodriguez is unable to pay the filing fee.

**B.     Plaintiff's Complaint**

However, Rodriguez' complaint fails to state a claim upon which relief can be granted.  The

2

1 District Court is statutorily directed to dismiss a claim filed *in forma pauperis* if the Court
2 determines that the action fails to state a claim. *See* 28 U.S.C. § 1915(e)(2).

3   Here, it is unclear what cause of action Rodriguez is seeking to present to this Court.
4 Rodriguez claims that on July 10, 2007, his civil rights were violated by a private corporation,
5 Greyhound Lines, Inc., ("Greyhound") when a Greyhound supervisor "stole" his money and
6 harassed him. The alleged theft by the supervisor occurred when the supervisor "refus[ed] to
7 exchanger [sic] for cash to Passenger $38.00 ticket to Reno." As a result of the alleged theft, he
8 missed his trip to Reno. Rodriguez asks the Court for money damages in the amount of $70,000.00
9 plus the cost of the ticket to Reno.

10   42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or
11 immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp.*
12 *Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of
13 substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.
14 *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a claim under § 1983, a plaintiff
15 must allege two essential elements: (1) that a right secured by the Constitution or laws of the United
16 States was violated and (2) that the alleged violation was committed by a person acting under the
17 color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda County*, 811
18 F.2d 1243, 1245 (9th Cir. 1987). Construing the allegations in the light most favorable to Plaintiff,
19 the complaint fails to state a legally cognizable civil rights claim for two reasons. First, no
20 constitutional right was violated when a Greyhound supervisor allegedly refused to exchange
21 Rodriguez' ticket to Reno for cash. Second, the alleged violation was committed by a private actor
22 and not a person acting under color of state law.

23   Consequently, the Court concludes that Plaintiff's complaint fails to state a claim.

## **CONCLUSION**

25 IT IS HEREBY ORDERED THAT Plaintiff's IFP Application is DENIED and the complaint
26 is DISMISSED.

27
28

3

1       IT IS SO ORDERED.

3 Date: 8/4/09                                *Saundra B Armstrong*

                                                     Saundra Brown Armstrong
4                                                      United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DANIEL RODRIGUEZ,

        Plaintiff,

v.

GREYHOUND LINE INC et al,

        Defendant.

Case Number: CV09-02939 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Daniel Rodriguez
P.O. Box 421813
San Francisco, CA 94142-1813

Dated: August 4, 2009

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk